# Presbyterian Church *versus* Montgomery County.

Personal property held by a church and invested in bonds and mortgages, is subject to taxation, notwithstanding the income therefrom may be appropriated to the support of the minister.

ERROR to the Court of Common Pleas of *Montgomery County*.

Case stated, the following extract from which raises the question decided by the court:—

"The defendants are a religious corporation, duly constituted by an act of assembly of the Commonwealth of Pennsylvania,

and resident within the said county. As such corporation they have the following personal property, to wit: Sixteen thousand eight hundred and seventy-five dollars, which is invested on bond and mortgage, at an annual interest of six per cent.; and two thousand five hundred dollars of the five per cent. loan of the State of Pennsylvania, which was purchased at 84, for $2,100. The whole of the annual income arising from the said personal estate constitutes a part, and the principal part, of the salary of the pastor of the said Presbyterian church in the township of Abington, and no part of the said income is appropriated to or used for any other purpose.

"The whole of the said personal estate of said corporation has been assessed, returned and taxed for state and county purposes, as follows:—

"For state tax, sixty dollars; for county tax, sixty dollars. The corporation hold the church edifice and five acres of ground connected therewith, which is not assessed for taxation.

"The question for the opinion of the court is, whether the said personal estate is subject to taxation, in whole or in part, for either or both said purposes.

"If the court should be of opinion that it is all taxable for both purposes, then judgment to be entered in favor of the plaintiffs and against the defendants for the sum of one hundred and eight dollars and seventy-five cents. If of opinion that no part of it is taxable for either of said purposes, then judgment to be entered for the defendants. If of opinion that a part is taxable for either or both purposes, then judgment to be entered for such sum as the court may find the defendants are legally liable to pay, at the rate of thirty cents to the hundred dollars, for state purposes, and thirty cents to the hundred dollars for county purposes."

The court, SMYZER J., entered judgment for plaintiff for the sum of $108 75, and this is the error complained of.

*G. R. Fox*, for plaintiff in error, cited *Commonwealth* v. *Cuyler*, 5 W. & S. 279; s. 1, act of 22 April, 1846, Purd. Dig. 789, pl. 106; § 3 act of 1839, id. 784, pl. 69.

*B. E. Chain*, for defendant in error, cited *McGirr* v. *Aaron*, 1 Pa. R. 51.

The opinion of the court was delivered February 4, 1858, by STRONG, J.—The plaintiffs in error contend that the personal property owned by them and invested in bonds and mortgages is not subject to taxation, because it is held in trust for religious purposes, and is therefore exempt under the first section of the act of April 22d, 1845. Whatever may be the true construction of this section it is useless to inquire. A subsequent act,

[Miller's Appeal.]

passed April 14th, 1851, P. L. 625, enacts that "All property, real or personal, belonging to any association or incorporated company which is now by law exempt from taxation, other than that which is in the actual use and occupation of such association or incorporated company, and from which an income or revenue is derived by the owners thereof, shall hereafter be subject to taxation in the same manner and for the same purposes as other property is now by law taxable, and so much of any law as is hereby altered and supplied be and the same is hereby repealed." Under this act the only property exempt from taxation is that real estate, not exceeding five acres in actual use or occupation, which under previous tax laws had been relieved from liability to taxation. 12 Har. 232.

It is assigned, as a further reason for holding that the personal property of the plaintiffs in error is not taxable, that the interest is applied to the payment of the salary of the minister of the congregation—that a tax upon it is a tax upon such salary, and we are referred to *Commonwealth* v. *Cuyler*, 5 W. & S. 275. It might perhaps be sufficient to remark that that case was only a construction of the ninth section of the act of assembly of April 30th, 1841, which enacted that there should be assessed and collected a tax "on all salaries and *emoluments* of office created or held by or under the constitution and laws of this commonwealth, and by or under any corporate institution or company incorporated by the said commonwealth," and the ruling of this court was that under that act of assembly the minister's salary was not taxable. It was held that the office of a minister was not one of the offices contemplated by the legislature, and therefore that the salary of such minister was not within the purview of the act. But the property of the plaintiffs in error is not any more the salary than is the land out of which a ground rent issues, the rent. The case cited has therefore no application to the question now presented.

The judgment is affirmed.